# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**MELANIE KIRK**                                                                                    **PLAINTIFF**

**V.**                                                                           **NO. 2:11cv213-GHD-JMV**

**MICHAEL J. ASTRUE**                                                                              **DEFENDANT**

## REPORT AND RECOMMENDATION

Plaintiff initiated this action by filing the complaint [Doc. 1] on October 21, 2011, and a motion to proceed *in forma pauperis* [Doc. 3] on October 25, 2011. At all relevant times herein, Plaintiff has proceeded *pro se.* Plaintiff's motion to proceed *in forma pauperis* was granted by Order [Doc. 6] dated November 14, 2011, and process was issued for the defendant. Defendant answered the complaint on January 26, 2012 [Doc. 10], and by Order [Doc. 12] dated January 26, 2012, Plaintiff was directed to file a brief in support of the complaint within thirty days.

On March 26, 2012, the court issued an Order [Doc. 18] requiring Plaintiff to show cause why this case should not be dismissed for failing to file a brief. On April 9, 2012, Plaintiff responded, *inter alia*, that she had been seeking legal representation to no avail and requested a "continuance" for filing her brief.[1] The court, by Order [Doc. 20] dated April 11, 2012, allowed Plaintiff an additional thirty days to file her brief. The court warned Plaintiff that failure to timely comply with the requirements of that Order could lead to dismissal of the lawsuit for failure to prosecute and for failure to obey an order of the court. When Plaintiff failed to file her brief within the extended period or request additional time, the court issued a Show Cause Order

---

[1]Response to Order to Show Cause [Doc. 19].

[Doc. 21] on May 21, requiring Plaintiff to show cause within seven days why this case should not be dismissed with prejudice for failure to prosecute and for failure to obey a court order. Now, it has been well over seven days since entry of that Order, and Plaintiff has yet to respond. Nor has there been any other activity in this case. Therefore, it is my recommendation that this case be dismissed with prejudice for Plaintiff's failure to prosecute and for her failure to obey an order of the court.

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 12th day of June, 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE